JOHANES SCHILLING

*v.*

ANNA M. LINTNER.

A sheriff's sale under foreclosure of a mortgage on lands was set aside on the petition of the mortgagor, on the ground of surprise, where the petitioner was an old German woman, but little acquainted with the English language, who lived on the premises, and expected that the notice of the sale would be posted on her house, and waited therefor. The sale produced $1,380, while the premises are claimed to be worth $2,000. The petitioner has tendered to the sheriff the amount of the decree and costs. It further appears that the premises ought to have been sold in parcels, but were not, and therefore the sale cannot be confirmed.

On petition to set aside a sheriff's sale.

*Mr. John F. Harned,* for petitioner.

*Mr. Alfred Hugg,* for defendant.

BIRD, V. C.

The petition was filed in a foreclosure suit. In that suit the sheriff has made sale upon an execution regularly issued upon a decree directing such sale. Mrs. Lintner now comes in by her petition, and asks that that sale be set aside. Her ground for this is surprise. She is a German woman, and understands but very little of the English language. She lived upon the property which was covered by the mortgage. Process of subpœna was served upon her regularly. She made some inquiry respecting it, but gave the matter no further attention until after the sale, not knowing that a decree had gone against her, or that her property was advertised. Learning of the fact immediately after the sale, she made inquiries and ascertained the situation. The property sold for $1,380, when from her statement, and from the rents and profits which she receives, it is worth $2,000. She has raised the amount due upon the execution, together with

costs, and tendered it to the sheriff and stands ready to pay the
same. Is she entitled to relief? I think she is. It has been
urged that the sale was open and fair, and that if the property
did not bring the full price, it brought a fair price. It is also
urged that sales of this character should not be interfered with
by discouraging bidders by depriving them of the benefit of bids
which they have fairly obtained. These considerations are
always taken into account, and are conceded to be of great im-
portance. But the rights of property under such circumstances
are equally important. It is very difficult for a court of equity
to make up its mind, under such circumstances, to deprive an
individual of her estate when, by refusing to do so, it takes
nothing from another except the right which that other has
acquired by a bid at auction. This is not mere sentiment; it is
clear justice and equity. Mrs. Lintner is at the age of seventy-
two years, and swears that she expected the notice of sale would
be posted on her house, and for this she waited. I think the
case is controlled by the case of *Kloepping* v. *Stellmacher, 6 C. E.
Gr. 328.* As between the parties before me, the merits are with
Mrs. Lintner.

Besides this important question, another is presented which
raises an insurmountable difficulty in the way of confirming this
report. The petitioner insists that it was the duty of the sheriff
to sell the land in parcels. The force of this is not resisted by
the counsel of the purchaser. I must conclude, from what was
admitted before me, that this was a serious mistake upon the
part of the officer, and that, under the practice and the decisions
heretofore rendered, upon this ground, if no other, the sale
cannot be confirmed. *Coxe* v. *Halsted, 1 Gr. Ch. 311; Merwin*
v. *Smith, 1 Gr. Ch. 182; Johnson* v. *Garrett, 1 C. E. Gr. 31.*

I will advise that the sale be set aside, and that the property
be again advertised and sold in parcels, unless the amount due,
including principal, interest, and costs on the complainant's de-
cree, be paid within five days after the signing of this order.
Such order will be without costs.